IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

RACHEL SALLEY, Individually and on
Behalf of All Others Similarly Situated                               PLAINTIFF

v.                             No. 4:16-cv-542-DPM

ABC FINANCIAL SERVICES INC.                                           DEFENDANT

ORDER

1. ABC Financial Services Inc.'s policy requires that tech support employees must be available in the interactive client software when they clock in. № 16-1 at 18. Salley says that, when she worked there, it took her between ten and fifteen minutes to get her computer and the necessary software started. A co-worker told her not to clock in before booting up. So Salley wasn't paid for this pre-shift time. She says her co-workers weren't paid for this time either: "Other Tech Support Employees for Defendant I spoke with expressed to me their dissatisfaction with Defendant's pay policies and practices that required us to start up our computers and software prior to clocking in." № 11-7 at ¶ 20. And Salley believes "others would join this suit if given the opportunity." № 11-7 at ¶ 21. There are no affidavits from other employees or former employees. No one has indicated a desire to join the case. ABC says it has no policy requiring employees to shut down their computers at the end

of a shift, and encourages the opposite. Salley doesn't say how often she or co-workers had to boot up their computers. Was it once in a while? Several times every week? If this case is about employees' having to occasionally respond without pay to a co-worker's carelessness, it is one thing; if re-boots were routine and widespread, then not getting paid for the time required to get started is another thing.

**2.** The current record leaves the Court with too many questions. The Court can't consider what Salley says her co-workers said. *Johnson v. Frac Tech Services, Limited*, 4:09-cv-739-DPM, № 96 at 7 (E.D. Ark. 3 Sept. 2010). Without more proof of group-wide effect, some proof that having to boot up without pay occurred more than sporadically, and a firmer expression of interest from others in joining, this seems like a Salley/ABC dispute, not a collective action. Salley's burden at this point is light, but she hasn't carried it. *Freeman v. Wal-Mart Stores, Inc.*, 256 F. Supp. 2d 941, 944–45 (W.D. Ark. 2003). There's not enough here for the Court to conclude that an ABC policy, or some combination of policy and circumstances, affected a similarly situated group.

**3.** The Court notes and appreciates the joint status report, № 18. The discovery deadline was two weeks ago, and the parties have proposed

extending it. № 18. The Court applauds the parties' cooperation; but no explanation is given about why the eleven months already provided was inadequate for Salley-specific and certification-related discovery; the embedded request for three more months is therefore denied. The Court will extend the discovery and motions deadlines by approximately one month so the parties can respond to this Order. Discovery extended to 5 September 2017. Motions due 29 September 2017.

Salley's motion for conditional certification, № 11, is denied without prejudice to another one — if she can provide some confirming evidence of a widespread situation that affected many ABC employees. If Salley renews her request for a group action, she need not start from scratch. Instead, she should file a pointed supplemental motion. ABC should likewise file a pointed supplemental response. The Court will consider the many papers filed the first time around.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

8 August 2017